IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK L. FIRKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17−cv−0205−JPG |
| ) | |
| WILLIAM WEIER, ) | |
| FAIRVIEW HEIGHTS POLICE ) | |
| DEPARTMENT, ) | |
| XAVIER BLACKBURN, and ) | |
| DALE ENGLEMAN | |
| | |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jack L. Firkins, an inmate in St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 based on the circumstances of his arrest. Plaintiff requests financial compensation. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

On May 31, 2016, Plaintiff was hiding in a bedroom closet at 1300 U.S. Highway 50, lot #36 in O'Fallon, Illinois. (Doc. 1, p. 5). When Officer Weier discovered Plaintiff, he tased him twice in his right hamstring. *Id.* Plaintiff put up his hands to surrender, but Weier continued to tase him. *Id.* Weier punched Plaintiff repeatedly in the head and kicked him as he pulled him out of the closet. *Id.* Officers Blackburn and Engleman watched the assault, but failed to intervene. *Id*. Plaintiff's injuries required treatment at Memorial Hospital in Belleville. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1 –** Weier used excessive force in violation of the Fourth Amendment when he tased, punched, and kicked Plaintiff during arrest;

**Count 2 –** Blackburn and Engleman failed to intervene to stop Weier's use of excessive force during Plaintiff's arrest.

Claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor,* 490 U.S. 386 (1989). In determining the reasonableness of the force used, a court will consider the facts and circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was attempting to resist or evade arrest. *Id.* at 396; *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005). The objective reasonableness of the officers' response will be based upon the information the officers had at the time of the arrest. *See Lawrence v. Kenosha County,* 391 F.3d 837, 843 (7th Cir. 2004). Based on these standards, Plaintiff's claims of excessive force during his arrest cannot be dismissed at this time, and so **Count 1** survives threshold review.

Turning to **Count 2**, an officer who is present at constitutional violation committed by another, but fails to intervene is liable if that officer had reason to know 1) that excessive force was being used; 2) that a citizen has been unjustifiably arrested, or 3) that any constitutional violation has been committed by a law enforcement official; *and* the officer has a realistic opportunity to intervene, but fails to do so. *Abdullahi*, 423 F.3d at 774; *Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994). Plaintiff has alleged that Blackburn and Englemann watched Weier tase and beat him while he was trying to surrender. At this stage, Plaintiff has stated a viable failure to intervene claim and **Count 2** shall proceed.

But Fairview Heights Police Department will be dismissed at this time. The Eleventh Amendment to the Constitution bars individuals from bringing suit in federal court against a state or its agencies in their own names. *See Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986). Further, states and their agencies are not "persons" susceptible to suit under § 1983. *Will v.*

*Mich. Dep't of State Police*, 491 U.S. 58 (1989).  This includes city police departments.  *U.S. ex rel Lee v. People of State of Ill.*, 343 F.2d 120, 120 (7th Cir. 1965).  *See also Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Henschel v. Worcester Police Dep't, Worcester, Mass.*, 445 F.2d 624 (1st Cir. 1971); *Reese v. Chicago Police Dep't*, 602 F. Supp. 441 (N.D. Ill. 1984).  Therefore, the Fairview Heights Police Department will be dismissed with prejudice.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be referred to a United States Magistrate Judge for disposition.  (Doc. 3).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review.  Defendant Fairview Heights Police Department is **DISMISSED with prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Weier, Blackburn, and Englemann:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This

information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

5

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 20, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**
